# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

No. 09-50422
Conference Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVAN ULISES GALARZA-RAMOS, also known as Ivan Ulises Galarza,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3316-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ivan Ulises Galarza-Ramos (Galarza) appeals the 70-month sentence imposed following his guilty plea conviction for illegal reentry following deportation. He contends that the sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. Specifically, Galarza argues that the guidelines range was too severe because United States Sentencing Guideline § 2L1.2 was not empirically based and gave excessive weight to his prior robbery conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He contends that the guidelines range overstated the seriousness of his nonviolent reentry offense and failed to account for his motive for reentering the United States. Galarza also argues that this court should not afford a presumption of reasonableness to a sentence imposed under § 2L1.2; however, he recognizes that *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009), forecloses this argument.

This court reviews the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

This court has consistently rejected Galarza's "empirical data" argument. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). The district court considered Galarza's request for a downward variance, and it ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Galarza's assertions regarding § 2L1.2's lack of an empirical basis, the weight given his prior robbery conviction, the nonviolent nature of his offense, and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). As Galarza has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion, the district court's judgment is AFFIRMED.